UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

BAKER HI-WAY EXPRESS, INC.,

Plaintiff,

vs.

BP PRODUCTS NORTH AMERICA, INC.,

Defendant.

CASE NO. 5:05-CV-02975

ORDER & OPINION
[Resolving Doc. Nos. 14, 20, 21]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant BP Products North America, Inc. ("BP") moves for summary judgment against the Plaintiff Baker Hi-Way Express, Inc. ("BHX"). [Doc. 14.] For the reasons set forth below, the Court **GRANTS** Defendant's motion for summary judgment.

## I. BACKGROUND

On March 5, 2005, Plaintiff BHX entered into a prepaid diesel fuel contract ("fuel contract")with Laurel Valley Oil Co. ("Laurel Valley"). [Doc. 17.] In connection with entering into this contract, Laurel Valley obtained a letter from Oesch Distributing, Ltd. ("Oesch") that the Plaintiff alleges constitutes a guarantee that Laurel Valley would perform under the contemplated prepaid contract. *Id.* Laurel Valley ultimately failed to deliver the agreed upon fuel and both it and Oesch have subsequently gone bankrupt. *Id.*

Plaintiff BHX argues that the Defendant is liable for Laurel Valley's failure to perform under the fuel contract. *Id.* Specifically, Plaintiff argues in its complaint that (1) the letter supplied by

Oesch constitutes a guaranty which Oesch breached, and (2) that BP is liable for Oesch's breach because Oesch possessed apparent authority to bind the Defendant. *Id.* In its motion for summary judgment, Defendant BP says that Plaintiff's claims should be dismissed because the Plaintiff cannot prove either that Oesch possessed apparent authority to bind the Defendant or that the letter supplied by Oesch was in fact a guarantee. [Doc. 14.] The Court considers the Defendant's motion for summary judgment below.

## II. LEGAL STANDARD

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c)). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *Id.* Nor can the nonmoving party "rest upon the mere allegations or denials of the adverse party's pleading." Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). "The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)); *see also Celotex*, 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (citation omitted).

## III. ANALYSIS

In this case, Plaintiff BHX argues it is entitled to relief under both the doctrine of apparent authority and based upon Defendant's breach of what it argues was a guaranty. [Doc. 17.] Defendant BP argues that it is entitled to judgment as a matter of law regarding both of the Plaintiff's claims. [Doc. 14.] Specifically, the Defendant says that (1) it did not cloak Oesch with apparent authority to make the purported guaranty at issue in this case, and (2) the letter supplied by Oesch does not, in fact, constitute a guaranty as a matter of law. *Id.* The Court first decides whether Oesch possessed apparent authority such that it was capable of making a guaranty that binds the Defendant.

**A. Apparent Authority**

Under the doctrine of apparent authority, a principal may be bound by the acts of his agent even where that agent lacked the actual authority to pursue the conduct in question. Specifically, a principal can be bound by the acts of its agent under the theory of apparent agency where a third party establishes that: (1) the principal held the agent out to the public as possessing the requisite authority to embrace the action in question and/or knowingly allowed the agent to represent they possessed such authority, and (2) the third party interacting with the agent knew of the facts establishing the agent's authority and acted in good faith that the agent did in fact possess such authority. *See Master Consolidated Corp. v. BancOhio Natl. Bank*, 61 Ohio St. 3d 570, 576-577 (1991). Significantly, "[t]he apparent power of an agent is to be determined by the act of the principal and not by the acts of the agent; a principal is responsible for the acts of an agent within his apparent authority only where the principal himself by his acts or conduct has clothed the agent with the appearance of the authority and not where the agent's own conduct has created the apparent authority." *Id.* (citation omitted).

In this case, the Plaintiff says that both the requirements cited above are met. Specifically, Plaintiff BHX argues that the Defendant cloaked Oesch with apparent authority based upon the fact that Oesch (1) served as an authorized marketer for BP, (2) wrote the purported guarantee on a letter bearing the BP logo, which it was entitled to use along with BP letterhead in connection with marketing BP products and for some purposes of correspondence, (3) wrote the letter in question on behalf of both itself and BP, and (4) was known by both BHX's lender and the general public in the Akron area as a BP distributor. [Doc. 20.] The Defendant, in contrast, argues in moving for summary judgment that even assuming that all of the Plaintiff's allegations are true it is still entitled

to judgment as a matter of law. [Doc. 14.] The Court agrees with the Defendant.

As was noted above, an agent acquires apparent authority based upon the actions or omissions of the principal rather than the agent. Stated otherwise, apparent authority cannot be created purely through actions taken by an agent. Here, the Plaintiff concedes that in order for apparent authority to be created, "there is the basic requirement that the principal be responsible for the information which comes to the mind of the third person." Restatement 2d of Laws, Agency, § 27, cmt. A. The Plaintiff argues, however, that the Defendant was responsible for cloaking Oesch with apparent authority based upon the factors cited above. [Doc. 20.] In particular, the Plaintiff emphasizes in its motion opposing summary judgment that by appointing Oesch as a BP marketer, BP essentially became responsible for any actions taken by Oesch "ordinarily entrusted to one occupying such a position, regardless of unknown limitations which are imposed upon a particular agent." *Id*; *see* Restatement 2d of Laws, Agency § 27, cmt. A.

Ultimately, the Court simply does not accept the argument that a BP marketer's "ordinarily entrusted" responsibilities include the ability to bind its principal to the terms of a prepaid contract involving nearly five-million gallons of fuel. As the Defendant notes in its arguments in favor of summary judgment, apparent authority only extends to actions which one may outwardly perceive as within the customary purvue of an individual with the purported agent's title. [Doc. 14.] In this case, the Plaintiff fails to present any evidence that an individual familiar with the industry would customarily view an entity designated as a BP marketer as having the authority to bind BP under the fuel contract at issue.

At best, the Plaintiff alleges that Oesch was "known in the Akron area as a BP distributor." [Doc. 20.] However, the Plaintiff does not connect this allegation to any action or authorization by

the Defendant. Nothing contained in the Plaintiff's complaint or motion in opposition to summary judgment suggests that petroleum producers typically guarantee contracts entered into by their distributors or marketeers. Accordingly, evidence that Oesch purchased fuel from BP that it then resold is insufficient to show that BP held Oesch out to the public as possessing the requisite authority to embrace the action in question or knowingly allowed the agent to represent they possessed such authority.

Similarly, under Ohio law access to a principal's letterhead or stationary is indicative of the creation of apparent authority. In each case cited by the Plaintiff in support of this proposition, however, that factor represented only one of numerous connections that served to cloak the agents at issue with authority to bind the principal. *See Novak & Sons, Inc. v. Brantley, Inc.*, 2001 WL 303716 (Cuyahoga Cty. 2001); *Lantz v. Guarantee Security Life Ins.*, 1990 WL 51992 (Wayne Cty 1990). Here, the Plaintiff seems to argue that the mere fact that BP permitted Oesch to use BP's letterhead for some limited purposes is sufficient, by itself, to establish the existence of apparent authority. The case law simply does not support such a proposition. Accordingly, the Court finds that Defendant BP did not sufficiently cloak Oesch with apparent authority. As a result, the Defendant is not liable for Laurel Valley's failure to perform under the fuel contract.

**B. Guaranty**

The Plaintiff BHX also alleges that "BP, by and through its agent, Oesch, guaranteed the delivery of fuel to BHX under the contract with Laurel Valley." [Doc. 17.] In light o f the Court's finding that Oesch did not possess the apparent authority to bind BP, the Defendant is entitled to summary judgment regarding the Plaintiff's guaranty claim irrespective of whether the letter supplied by Oesch constitutes a guaranty. Accordingly, the Court also rejects the Plaintiff's

argument that a question of material fact exists regarding its guaranty claim against the Defendant.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: September 19, 2006

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE